IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY MARCUS PALMER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-09-0633 |
| | § | |
| CITY OF TOMBALL, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER OF DISMISSAL**

Plaintiff Gary Marcus Palmer, a state inmate at the time of filing and currently in pretrial custody of the Harris County Jail, filed this *pro se* section 1983 lawsuit complaining of violations of his Fourth and Eighth Amendment rights by defendants City of Tomball, Officer David White, and Detective Brandon Plagens during his arrest and overnight detention at the Tomball City Jail.

Having considered plaintiff's amended complaint, his more definite statement, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons that follow.

**I. BACKGROUND AND CLAIMS**

Plaintiff reports in his amended complaint (Docket Entry No. 12) and more definite statement (Docket Entry No. 9) that on May 16, 2008, at approximately 4:00 p.m., he was stopped by Tomball police officer David White for speeding. Plaintiff was unable to

produce a valid Texas driver's license, and Officer White reported seeing in plain view inside plaintiff's vehicle "a green leafy substance that he knew to be marijuana." (Docket Entry No. 12, p. 2.) Officer White asked plaintiff to step out of his vehicle, and proceeded to pat him down. Plaintiff alleges that Officer White also searched inside plaintiff's "lighter" pocket, in violation of his Fourth Amendment rights, where he found a bag of cocaine. Officer White placed plaintiff under arrest for possession of a controlled substance. (Docket Entry No. 9, p. 3.) Officer White searched plaintiff's vehicle, and seized a digital camera, cell phone, pair of bolt cutters, and a bottle of valproic acid pills (an anticonvulsant medication). According to plaintiff, the officer examined the contents of plaintiff's cell phone and digital camera and later falsely told an unidentified person that the camera contained "child porn." Plaintiff claims that these searches and seizures constituted additional violations of his Fourth Amendment rights.

Plaintiff states that Officer White then transported him to the Tomball City Jail, where he was questioned by Detective Brandon Plagens. In his more definite statement, plaintiff asserts that, at approximately 6:00 p.m., he asked Detective Plagens for food and his valproic acid pills. (Docket Entry No. 9, p. 5.)[1] Regarding the bottle of valproic acid pills, plaintiff was told that "they had to identify them before [plaintiff] could have them."

---

[1] In his later-filed amended complaint, plaintiff changed his pleadings to allege that he told Detective Plagens he needed three additional medications: lithium for mood stabilization, Zyprexa for flashbacks, and Azcor for hypertension. (Docket Entry No. 12, p. 2.) Plaintiff does not state that Officer White seized these items from plaintiff's vehicle.

2

(Docket Entry No. 12, p. 2.) Plaintiff contends that Detective Plagens's response constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff avers that he was "a county MHMRA patient with a long history that was easily accessible by Detective Plagens." *Id.*

Detective Plagens's investigation ended approximately one hour later at 7:00 p.m. Plaintiff again requested food and his medication, but the detective told him to "talk to the jailer." Plaintiff asserts that Detective Plagens's refusal to provide him food or medication at that time was a further violation of his Eighth Amendment rights. An unnamed jail employee subsequently told plaintiff that dinner had already been served, and that he did not know what had happened to plaintiff's bottle of valproic acid pills. Plaintiff states that his ensuing request for a formal grievance was denied.

Plaintiff reports that he was provided breakfast that next morning at 5:00 a.m. May 17, and was transported to Harris County Jail an hour later. (Docket Entry No. 9, p. 5.) He complains that he received no food or any medications while at the Harris County Jail, and that he was released from Harris County Jail on May 18, 2008, at approximately 8:00 p.m. Harris County has not been named as a defendant in this lawsuit.

Plaintiff claims that, as a result of being denied his valproic acid pills during his overnight incarceration at the Tomball City Jail on May 16–17, 2008, "and being placed under undo [sic] stress," he suffered an "emotional breakdown" twelve days later on May 29, 2008, and was involuntarily committed to a psychiatric hospital for medication

3

stabilization. (Docket Entry No. 12, p. 3.) Plaintiff states that he "verbally" exhausted his administrative grievances against the defendants on May 16, 2008, and May 20, 2008. (Docket Entry No. 9, p. 2.)

Plaintiff asserts that the underlying criminal charges for possession of a controlled substance were dismissed on January 16, 2009. He seeks $150,000.00 in compensatory damages for the violations of his Fourth and Eighth Amendment rights by defendants City of Tomball, Officer David White, and Detective Brandon Plagens.

Online public records for the Criminal Division of the Harris County District Clerk, however, reveal other, or different, information relevant to this lawsuit.[2] In addition to being charged with possession of a controlled substance on May 16, 2008, plaintiff was also charged with failing to register as a convicted sex offender. He pleaded guilty to this latter charge on March 6, 2009, and was sentenced to two years imprisonment. The pending charge for possession of a controlled substance was dismissed on that same date, with the reason for dismissal noted as, "Defendant convicted on another charge." Thus, plaintiff incorrectly states that he was charged only for possession of cocaine and that the charge was dismissed on January 16, 2009. Due to this Court's lack of an adequate record regarding the two charges, the potential bar under *Heck v. Humphrey*, 512 U.S. 477 (1994), will not be considered.

---

[2]http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx?Tab=tabCriminal. For both cases, plaintiff reported his address as 19130 Wilks Dr., Cypress, Texas 77433, the same address he has provided to the Court as a mailing address for purposes of this lawsuit.

## II. ANALYSIS

A.  <u>Standard of Review</u>

Because plaintiff was a state prisoner at the time he filed this lawsuit, his complaint is governed by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the district court is to screen a prisoner's complaint and scrutinize the claims. It must dismiss the complaint, in whole or in part, if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint lacks an arguable basis in fact if, after providing a plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib*, 138 F.3d at 213. Although a *pro se* litigant's pleadings are to be construed liberally, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

In reviewing plaintiff's pleadings, this Court takes the factual allegations of the amended complaint and more definite statement as true, and draws all reasonable inferences,

and resolves ambiguities, in the plaintiff's favor. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a dismissal. *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Bare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice to either obtain, or prevent, dismissal for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007).

Under *Iqbal–Twombly*'s two-pronged approach, the Court must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. The first step for the Court is to determine those pleadings that are more than just "mere conclusions" and thus are entitled to the presumption of truth. *Iqbal*, 129 S. Ct. at 1949–50. Then, assuming the veracity of these facts, the Court must determine whether the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "plausibly give[s] rise to an entitlement to relief." *Id.*; *see also Rhodes v. Prince*, 360 F. App'x 555, 557 (5th Cir. 2010). If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the lawsuit is subject to dismissal. The same standards for review of a motion to dismiss under Rule 12(b)(6) apply

6

to a court's *sua sponte* dismissal under section 1915A. *Hart v. Hairston*, 343 F.3d 762, 763–64 (5th Cir. 2003).

### B. Claims against the City of Tomball

Plaintiff does not allege in his pleadings any specific facts establishing a basis for liability against the municipality of the City of Tomball. A local government, such as the City of Tomball, is liable under section 1983 only when the violation of a plaintiff's constitutional rights is the result of an official policy or practice. Thus, municipal liability under section 1983 requires proof of three elements: a policymaker, an official policy, and violation of a constitutional right whose "moving force" is the policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Government entities may be directly sued under section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or discussion officially adopted and promulgated by that body's officers." As recognized by the Fifth Circuit Court of Appeals,

> To establish county/municipal liability under section 1983[,] a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation. A municipality may not be held strictly liable for the acts of its non-policymaking employees under a *respondeat superior* theory. It cannot be held liable solely because it employs a tortfeasor. Rather, only when the execution of a county's policies or its customs deprives an individual of constitutional or federal rights does liability under Section 1983 result.

*Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir. 1993). Therefore, municipalities may not be held liable for acts of lower level employees but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

Not only must a plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right, he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *see also Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264.

A careful review of plaintiff's pleadings fails to reveal any factual allegations by plaintiff that he was denied a constitutional right as the result of an official policy or practice by the City of Tomball. Plaintiff's pleadings meet none of the requirements for raising a section 1983 municipality claim against the City of Tomball, and the City of Tomball is dismissed as a defendant.

C. <u>Official Liability Claims</u>

Plaintiff does not indicate whether Officer White and Detective Plagens are being sued in their official capacity or individual capacity. To the extent his claims are lodged

8

against these officers of the City of Tomball in their official capacity, his allegations fail to raise a viable claim for relief under section 1983.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). To establish liability under section 1983 in an official capacity claim, a plaintiff must show that an official government policy or custom was the moving force behind the alleged civil rights deprivation. *See, e.g., James v. Harris County*, 577 F.3d 612, 617–18 (5th Cir. 2009). Because plaintiff sets forth no factual allegations in his pleadings showing that an official government policy or custom was the moving force behind his asserted civil rights deprivations, he raises no official capacity claims against Officer White and Detective Plagens. Accordingly, they are dismissed as defendants in their official capacity.

D. <u>Individual Capacity Claims Against Detective Plagens</u>

Plaintiff avers that Detective Plagens violated his Eighth Amendment rights by denying him access to his valproic acid pills and by denying him three other medications and food for thirteen hours. The pleadings and public court records show that plaintiff was a pretrial detainee at the time of the underlying events, but a state prisoner at the time this lawsuit was filed. Although the rights of a convicted prisoner fall under the Eighth Amendment's prohibition against cruel and unusual punishment, the rights of a pre-trial detainee are protected by the Fourteenth Amendment. *Valencia v. Wiggins*, 981 F.2d 1440,

9

1445 (5th Cir. 1993). Nevertheless, in *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996), the Fifth Circuit held that the same duty is owed under the Fourteenth Amendment and the Eighth Amendment: to afford pretrial detainees and convicted inmates basic human needs, including medical care and protection from harm, during their confinement. Thus, the Court's analysis of plaintiff's allegations would be the same under either constitutional provision.

An officer's liability for episodic acts or omissions, such as in the instant case, cannot attach unless he had subjective knowledge of a substantial risk of serious harm to a pretrial detainee or prisoner but responded with deliberate indifference to that risk. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his actions. *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The deliberate indifference standard allows courts to separate omissions that amount to an "intentional and actionable choice" from those that are merely "unintentionally negligent oversights." *See James*, 577 F.3d at 617.

To successfully make out a showing of deliberate indifference, plaintiff must allege facts sufficient to show that Detective Plagens "refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Domino*, 239 F.3d at 756. Therefore, plaintiff must allege facts sufficient to establish that Detective Plagens knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it as to plaintiff's request for an evening meal or the medications.

Plaintiff wholly fails to allege facts sufficient to satisfy the stringent "deliberate indifference" standard, and he raises no viable claim against Detective Plagens. *See Harris*, 198 F.3d at 159. Plaintiff does not allege that Detective Plagens had actual, subjective knowledge that plaintiff faced a substantial risk of serious harm if he did not take the valproic acid pills (or any of the other three medications) at a particular time or according to a specific schedule while detained at the Tomball City Jail. To the contrary, in his more definite statement, plaintiff stated only that he told Detective Plagens that he "needed" the valproic acid pills. (Docket Entry No. 9, p. 5.) Moreover, Detective Plagens did not tell plaintiff that he could not have the medications; rather, he stated that the bottled pills would need to be verified before plaintiff could have them. In his amended petition, plaintiff asserted that Detective Plagens should have known of plaintiff's medical and psychiatric needs because "Plaintiff is a county MHMRA patient with a long history that was easily accessible by Detective Plagens." (Docket Entry No. 12, p. 2.) This falls far short of the

necessary allegations for setting forth a viable claim for deliberate indifference against Detective Plagens.

Nor does plaintiff raise a viable constitutional claim against Detective Plagens for plaintiff's lack of an evening meal. Prison officials have a constitutional obligation to provide reasonably adequate food to inmates. *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994). The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities. *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998). Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation. *Id.*; *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Under this claim, plaintiff must allege facts sufficient to show that Detective Plagens acted with deliberate indifference, such that he was aware of facts from which an inference of a substantial risk of serious harm could be drawn and that he actually drew the inference as to plaintiff's lack of an evening meal. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Plaintiff's pleadings do not rise to this level. Nor can it be said that plaintiff's lack of one evening meal, particularly in light of his being served breakfast at 5:00 a.m. the next morning, denied plaintiff the minimal civilized measure of life's necessities under the pleadings presented in this lawsuit.

Further, to the extent that section 1997e(e) applies to the facts of this case, plaintiff fails to allege any physical injury resulting from Detective Plagens's purported deliberate indifference, and plaintiff is barred from seeking damages for the "emotional breakdown"

he sustained some twelve days after his release from Tomball City Jail. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005).

Detective Plagens is dismissed from this lawsuit as a defendant in his individual capacity.

E.  Individual Capacity Claims Against Officer White

Plaintiff claims that Officer White violated his Fourth Amendment rights by searching plaintiff's "lighter pocket" and vehicle, seizing the bag of cocaine, cell phone, camera, bolt cutters, and bottle of valproic acid pills, and examining the content of the cell phone and digital camera.

Plaintiff's allegations do not give rise to a viable Fourth Amendment claim under section 1983. Plaintiff admits that Officer White stopped him for speeding, and that the officer reported seeing marijuana in plain view inside plaintiff's vehicle. Plaintiff does not allege that the initial traffic stop was improper, and Officer White was entitled to search the vehicle after seeing what he believed to be marijuana in plain view inside plaintiff's vehicle. *See, e.g., United States v. Reed*, 882 F.2d 147, 149 (5th Cir.1989) (holding that the officer's detection of marijuana in itself justified the subsequent search of the defendant's vehicle).

Moreover, Officer White was entitled under *Terry v. Ohio*, 392 U.S. 1, 88 (1968), to pat down plaintiff incident to either the traffic stop and plaintiff's inability to produce a valid Texas driver's license,[3] or his viewing of the marijuana in plaintiff's vehicle. In administering the pat down, Officer White was further entitled to investigate his detection of the unknown item in plaintiff's "lighter" pocket, and to place plaintiff under arrest for the suspected cocaine he removed from plaintiff's pocket. At that point, Officer White was entitled to perform an inventory search of the vehicle and its contents, incident to plaintiff's arrest for suspicion of possession of a controlled substance. *See United States v. Ochoa*, __ F.3d __, 2012 WL 104997, *5 (5th Cir. 2012). This would include the search of the cell phone and digital camera contents pursuant to the post-arrest and inventory search. *See United States v. Finley*, 477 F.3d 250, 259–60 (5th Cir. 2007) (holding that a police officer may search the contents of an arrested person's cell phone incident to a valid arrest).

Accordingly, plaintiff's allegations do not raise a viable Fourth Amendment claim against Officer White in his individual capacity, and Officer White is dismissed as a defendant in his individual capacity.

### III. STATE LAW CLAIMS

Federal courts are courts of limited jurisdiction. They adjudicate claims arising from violations of federal law including the U.S. Constitution, claims in which diversity of the

---

[3]Under Texas law, a driver must carry a valid driver's license and proof of insurance. V.T.C.A., Transportation Code §§ 521.025, 601.053.

parties is present, and pendant state law claims over which the court may exercise supplemental jurisdiction. Since the Court has concluded that plaintiff's federal claims are subject to dismissal, no federal question remains before the Court. Although this fact alone does not divest the court of jurisdiction, in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), the Supreme Court stated that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims." Moreover, the general rule in this circuit is to dismiss state claims when the federal claims they supplement are dismissed.
*Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992).

Because the Court has concluded that all of the federal claims asserted in this action are subject to dismissal, the Court declines to exercise supplemental jurisdiction over any remaining state law claim that plaintiff may be attempting to assert, including his claim that Officer White falsely stated plaintiff's camera contained "child porn." See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction). Accordingly, plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** to being pursued in state court.

## IV. CONCLUSION

Plaintiff's section 1983 claims against the City of Tomball, Officer White, and Detective Plagens are **DISMISSED WITH PREJUDICE** for failure to state a claim.

Plaintiff's state law claims against the City of Tomball, Officer White, and Detective Plagens are **DISMISSED WITHOUT PREJUDICE** to being pursued in state court.

Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 22nd day of February, 2012.

KEITH R. ELLISON
UNITED STATES DISTRICT JUDGE